# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CANDACE WOOSELY, | ) |
| Plaintiff, | ) |
| v. | ) No. 11 C 3615 |
| C.R. ENGLAND, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant C.R. England's (CR) motion to transfer. For the reasons stated below, the motion to transfer is granted.

## BACKGROUND

On January 13, 2011, Steven W. Woosley, Sr. (Deceased) was allegedly driving a Volvo tractor trailer on an interstate highway in Indiana (Interstate). At the same time Stephen R. Grogg (Grogg) was allegedly driving a Freightliner trailer tractor owned by CR. Grogg allegedly merged onto the Interstate in front of Woosley and a collision occurred between the two trucks. Woosley allegedly died as a result of the injuries he sustained in the accident. Plaintiff Candace Woosley, the

1

wife of the Deceased, brought the instant action on behalf of the estate of the Deceased. Plaintiff includes in her complaint a wrongful death claim (Count I), a survival claim (Count II), and a family expenses claim (Count III). CR moves to transfer the instant action to the United States District Court for the Southern District of Indiana, Indianapolis Division.

## LEGAL STANDARD

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses, [if it is] in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

## DISCUSSION

CR moves to transfer the instant action to the United States District Court for

the Southern District of Indiana. The parties have not disputed that the Northern District of Illinois and the Southern District of Indiana are proper venues. (Mem. Trans. 4, 8); (Ans. 2, 7).

I. Plaintiff's Choice of Forum

Plaintiff argues that her choice of forum is entitled to deference. In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *See also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Plaintiff argues that since she resides in Illinois her choice of her "home forum" should be given deference. (Ans. 2). While the court has given deference to Plaintiff's choice of the instant forum, Plaintiff's choice is not dispositive, particularly in a case such as this where there are very limited connections to Illinois.

II. Convenience of Parties and Witnesses

CR argues that the convenience of the parties and witnesses would be best

served by a transfer of the instant action to the Southern District of Indiana, Indianapolis Division. The record reflects that the accident occurred in Indiana, approximately 16 miles from the United States federal courthouse in Indianapolis. Potential key witnesses in this case include Indiana State Police Officers, who investigated the accident. CR has shown that the offices for the officers are located in Indiana. In addition, key witnesses such as firefighters, paramedics, and accident experts are located in Indiana. Also, to the extent that employees from CR are called as witnesses, most of the relevant witnesses would be in Indiana. The physical evidence from the accident is also located in Indiana and to the extent that the accident site needs to be inspected, such inspection will need to be conducted in Indiana.

Plaintiff contends that she will call various witnesses in this case who reside in Illinois. However, Plaintiff must do more than simply prepare a long list of witnesses that reside in Illinois to show that this action belongs in Illinois. The witnesses who investigated the accident and are located in Indiana clearly are the relevant witnesses for this case and will give testimony relating to the main substantive issues in this case. Plaintiff's witnesses, on the other hand, include for example, family and friends of the Decedent, who will offer testimony as to their relationship with the Decedent. (Ans. 4). Even if such witnesses are allowed to

4

testify, Plaintiff does not indicate that such witnesses have any information concerning the accident. Plaintiff also contends that the Decedent's physician will testify as to his health prior to the accident. However, Plaintiff does not indicate that the Decedent's physician will offer any testimony as to the accident or the effects of the accident on the health of the Decedent. Thus, the bulk of the witnesses who have testimony that is relevant to the substantive issues in this case are located in Indiana. In addition, Plaintiff has not shown that the relevant witnesses in this case would be subject to a subpoena issued by this court. Thus, the convenience of the parties and witnesses would clearly be best served by a transfer of the instant action to the Southern District of Indiana.

III. Interest of Justice

CR contends that the interest of justice would be promoted by a transfer to the Southern District of Indiana. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could

5

"best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

CR has shown that this action clearly could be more efficiently resolved in Indiana where witnesses and evidence are located. This case has many close connections with Indiana and limited connections with Illinois. A transfer to Indiana would provide the opportunity for the efficient resolution of the matter. A dispute concerning a fatal accident that occurred in Indiana, which relates to the public safety, is best resolved in Indiana. Thus, the interest of justice factor clearly favors a transfer. Therefore, based on the above, the Southern District of Indiana is clearly a more convenient forum and the motion to transfer is granted.

## CONCLUSION

Based on the foregoing analysis, the motion to transfer the instant action to the United States District Court for the Southern District of Indiana, Indianapolis Division is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 7, 2011